

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| ANN MARSH, as Administratrix of the Estate of Christopher McZilkey, | § § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 1:04-23149-HFF |
| GRADE SOUTH, INC., BECHTEL SAVANNAH RIVER, INC., WESTINGHOUSE SAVANNAH RIVER CO., LLC., | § § § § § § | |
| Defendants. | § § | |
| GRADE SOUTH, INC., | § § | |
| Third-Party Plaintiff, | § § | |
| vs. | § § | |
| METRAC, INC., | § § | |
| Third-Party Defendant. | § § | |

MEMORANDUM OPINION AND ORDER

**I.    INTRODUCTION**

This is a wrongful death action premised on the death of Christopher McZilkey. The Court has jurisdiction pursuant to 28 U.S.C. § 1332. Pending before the Court is Defendants Westinghouse Savannah River Company, LLC and Bechtel Savannah River, Inc.'s (Defendants) Fed. R. Civ. P.

1

12(b)(6) motion to dismiss. For the reasons stated below, the Court will deny in part and find moot in part the motion to dismiss.

## II.     STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss "should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." *Franks v. Ross*, 313 F.3d 184, 192 (4th Cir. 2002) (internal punctuation and citations omitted). "In considering such a motion, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Id.* (internal punctuation and citations omitted).

## III.    DISCUSSION

### A.     *Breach of Contract Claim*

Defendants assert that the Court should dismiss Plaintiff Ann Marsh's (Plaintiff) breach of contract claim due to failure to state a claim upon which relief can be granted. In support of this argument, Defendants note that Plaintiff has pled allegations which are conclusory in nature and that these facts fail to establish that Plaintiff's decedent was a third-party beneficiary to the contract at issue in the instant case.

The Court finds this argument unpersuasive. Plaintiff's Complaint alleges that a contract between Defendants and the United States Department of Energy existed, that the contract provided for certain safety measures in construction projects, and that Plaintiff's decedent "was a direct beneficiary of these health and safety measures." (First Amended Complaint ¶¶ 32-35.) Although

admittedly conclusory in nature, these pleadings nonetheless contain the elements necessary to demonstrate third-party beneficiary status under South Carolina law. *See Bob Hammond Constr. Co. v. Banks Constr. Co.*, 312 S.C. 422, 424, 440 S.E.2d 890, 891 (Ct.App. 1994). While the Court agrees with Defendants' assertion that it is not required to accept as true legal conclusions contained in pleadings, it notes that it is required to assume that factual allegations made in the pleadings are true for purposes of this Rule 12(b)(6) motion. Plaintiff has properly alleged that Mr. McZilkey was a direct third-party beneficiary of the contract at issue here; this allegation is factual in nature. While Plaintiff must eventually produce facts to support this allegation, the sufficiency of these facts is more appropriately tested either by a motion for summary judgment, by a factfinder at trial, or both. Therefore, the Court must deny Defendants' motion to dismiss.

### B. *Premises Liability Claim*

Defendants also sought dismissal of Plaintiff's claim for premises liability, arguing that South Carolina does not recognize a separate cause of action for premises liability and that this action is subsumed within Plaintiff's negligence cause of action. Plaintiff agrees with this argument, and she recognizes that any allegations of premises liability exist only as part of her negligence claims. Therefore, the Court will find this portion of Defendants' motion to dismiss moot.

## IV. CONCLUSION

For the reasons stated above the Court finds that Defendants' motion to dismiss Plaintiff's breach of contract claim should be, and hereby is, **DENIED**. The Court further finds that Defendants' motion to dismiss Plaintiff's premises liability claims is **MOOT**.

**IT IS SO ORDERED.**

Signed this 10th day of November, 2005, in Spartanburg, South Carolina.

                                              <u>s/ Henry F. Floyd</u>
                                              HENRY F. FLOYD
                                              UNITED STATES DISTRICT JUDGE